OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed. Indicted on seven counts, including attempted murder, robbery, criminal use of a firearm and criminal possession of a weapon, defendant was convicted after a jury trial of two *942 counts of robbery in the first degree in connection with an armed robbery at a social club in The Bronx. Defendant seeks reversal of his conviction on the sole ground that, at trial, he was denied effective assistance of counsel. Such a contention, necessarily retrospective, requires proof of true ineffectiveness rather than mere disagreement with strategies and tactics that failed. The overwhelming evidence indicating defendant’s guilt — including his arrest at the scene of the robbery with two accomplices, identification at the trial by no less than five eyewitnesses, and physical evidence including seven bullets in his coat pocket — unquestionably challenged the resources of trial counsel. Having studied the record, we conclude that defendant received meaningful representation.
Defendant’s lawyer and two other lawyers representing codefendants in the joint trial pursued a common strategy: they charged that the three defendants had been framed by the police and club owner, acting in conspiracy, in order to cover up a gambling-related shooting; that the club was a center of vice; that the victims were in fact the villains; and that the jewelry and money allegedly stolen were gambling proceeds. This was not an implausible strategy. Indeed, defendant suggests nothing better. To some extent, this strategy succeeded, for counsel did in fact show (as promised in his opening) that the club was*used for illicit operations — there was evidence that persons entering the club were searched and their weapons temporarily deposited in a gun depot behind the bar, that drugs were used openly, and that gambling operated regularly out of the back room — and he thus planted seeds of doubt about the credibility of the eyewitnesses and the possibility of alternate explanations for the events that occurred.
The present appeal centers not on any theory of defense that was ignored or any particular witness that should have been called. Instead, with the clarity of hindsight, defendant now proceeds from the opening statement, through the weeks of trial, to summation, recounting how counsel might have proceeded differently at every step. Defendant’s arguments on appeal range from differences of opinion as to putting in proof, to minor alleged deficiencies, to exaggeration of the trial record. In all it is plain that there was no ineffective assistance.
We thus need not reach the People’s argument that the prejudice test of Strickland v Washington (466 US 668) should be adopted by this court.
*943 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order affirmed in a memorandum.