■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASHOK ARUNACHALEM, Appellant

Viewed in totality as of the time of representation, we find that the defendant received meaningful representation and the issues raised by the appellant reflect mere disagreement with defense strategies and tactics that failed (see, People v Benn, 68 NY2d 941, 942; People v Satterfield, 66 NY2d 796, 799-800; People v Baldi, 54 NY2d 137, 146-147, on remand 87 AD2d 843, appeal after remand 96 AD2d 212). The evidence of guilt was overwhelming and counsel's performance reveals adequate preparation and knowledge of the law throughout the trial (see, People v Benn, supra, at 942; People v Aiken, 45 NY2d 394, 399-400; People v Droz, 39 NY2d 457, 462). Counsel did not ignore any exculpatory theory or defense or fail to introduce exculpatory evidence or testimony (see, People v Benn, supra; People v Jenkins, 68 NY2d 896, 898).

The trial court did not improvidently exercise its discretion in refusing counsel's request for a second adjournment *(see, People v Aphaylath,* 68 NY2d 945, 947, *rearg dismissed* 69 NY2d 724; *People v Spears,* 64 NY2d 698, 699-700). Since counsel failed to object to the voir dire of the unsworn witness before the jury, this issue is unpreserved for appellate review *(cf., People v Danza,* 127 AD2d 781, *lv denied* 69 NY2d 879; CPL 470.05 [2]).

We decline to reduce the sentence in the interest of justice *(People v Suitte,* 90 AD2d 80). We have reviewed the appellant's other contentions and find them to be without merit. Mangano, J. P., Thompson, Sullivan and Harwood, JJ., concur.