■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Edwin Badia, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered March 19, 1984, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court dated April 22, 1988, which, after a hearing, denied his motion pursuant to CPL 440.10 to vacate the judgment.

Ordered that the judgment and the order are affirmed.

The defendant shot his business partner four times in front of several witnesses. The jury did not accept the defendant's proffered defense of justification and convicted him of murder in the second degree. The next month, the defendant's trial counsel was indicted on Federal charges of obstruction of justice and conspiracy to distribute narcotics. He was subsequently tried and convicted of those charges. As a result of the Federal criminal proceedings, the defendant learned that his trial counsel had been addicted to narcotics. The defendant moved pursuant to CPL 440.10 to vacate the judgment on the ground that he had been deprived of the effective assistance of counsel due to his attorney's drug use during the trial. At the hearing, the defendant's trial counsel admitted that he had used heroin and cocaine during the trial and had been dependent on the drugs for several years before the trial.

The defendant urges this court to adopt a per se rule that proof of a defense counsel's drug addiction violates the constitutional right to counsel. Although such conduct is reprehensible, we are not convinced that a per se rule is the appropriate remedy. The symptoms and effects of drug dependency may vary, as is evident from the fact that here the defense counsel's condition was not apparent to either the defendant or the trial court during the proceedings. The crucial question is whether the defense counsel's condition affected his performance at the trial (see, Berry v King, 765 F2d 451, cert denied 476 US 1164; cf., Smith v Ylst, 826 F2d 872, cert denied 488 US 829). We conclude that there should not be a departure from the traditional analysis invoked to resolve claims of ineffective assistance of counsel, that is, whether, viewed in totality, the defense counsel provided meaningful representation (see, People v Baldi, 54 NY2d 137). We agree with the hearing court's determination that the defendant was provided meaningful representation.

The defendant primarily contends that the defense counsel failed to present the affirmative defense of extreme emotional disturbance. The CPL 440.10 hearing was held nearly four

years after the trial. We note that a reviewing court must "avoid both confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis" *(People v Baldi, supra,* at 146; *People v Rivera,* 71 NY2d 705; *People v Sanchez,* 148 AD2d 760). We decline to second-guess the trial strategy of relying on a defense of justification, which would have resulted in an acquittal if believed by the jury, rather than the affirmative defense of extreme emotional disturbance.

The defendant further contends that the defense counsel failed to adequately prepare for the trial and that certain other aspects of his trial performance were deficient. The record reveals that the defense counsel presented two defense witnesses, effectively cross-examined prosecution witnesses, made appropriate motions during the trial, and gave an adequate opening statement and summation. If any confusion resulted from the defense counsel's statement in summation that the jurors' decision "must be one in which you determine that Eddie is guilty or not guilty beyond a reasonable doubt" it was eliminated by the court's subsequent charge on the standard of reasonable doubt. Viewed in totality, the record of the trial and hearing pursuant to CPL 440.10 reveal that the defendant was provided meaningful representation.

The only other issue raised by the defendant on appeal concerns his contention that the sentence imposed of 20 years to life is excessive. In view of the nature of the shooting and considering that this was not the defendant's first criminal offense, we do not find the sentence excessive *(see, People v Suitte,* 90 AD2d 80). Brown, J. P., Lawrence, Eiber and Rosenblatt, JJ., concur.