■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOBY WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hutcherson, J.), rendered July 30, 1985, convicting him of robbery in the first degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Voice exemplar evidence is not admissible as of right but lies within the sound discretion of the trial court which is in

the best position to weigh its relevance, reliability and whether "its probative value is substantially outweighed by the danger that it will unfairly prejudice the other side or mislead the jury" *(People v Scarola,* 71 NY2d 769, 777). We find that the trial court's denial of the defendant's request to provide a voice exemplar to the jury was a proper exercise of its discretion.

Here, the victim first observed the defendant in the brightly lit lobby of her apartment building, and she was then able to observe him face to face within the close confines of the elevator in which the robbery took place. During the entire time, the defendant did not say much of anything other than, "I'll kill you, I'll kill you", when he stepped off the elevator. Indeed, when the police responded to her telephone call reporting the crime, she was able to provide them with a relatively detailed physical description of her assailant but could only speculate as to his accent. Thus, it is clear that the victim's identification of the defendant as her assailant was, in reality, based upon factors other than the assailant's voice. Therefore, any probative value of the proposed voice exemplar was outweighed by its potential to mislead the jury or to unfairly prejudice the other side *(see, People v Scarola, supra).*

We have examined the defendant's remaining contention and find it to be without merit. Bracken, J. P., Lawrence, Sullivan and Balletta, JJ., concur.