■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO LAZU, Appellant.—Judgment, Supreme Court, Bronx County (Jerome Hornblass, J., at suppression hearing, trial and sentence), rendered on October 16, 1984, convicting the defendant, after a jury trial, of criminal possession of a weapon in the third degree and criminally possessing a hypodermic instrument, and sentencing him, as a second violent felony offender, to concurrent terms of from 3 to 6 years'

imprisonment and a definite term of one year's imprisonment, unanimously affirmed.

Order, Supreme Court, Bronx County (Goldfluss, J.), entered on September 29, 1989, denying defendant's motion to vacate the judgment of conviction pursuant to CPL 440.10, unanimously affirmed.

Contrary to defendant's assertions, the record reveals that he was not denied effective assistance of counsel by counsel's tactical decision at the suppression hearing not to attempt to impeach the arresting officer's credibility with alleged inconsistencies in his prior testimony at a parole revocation hearing. *(See, People v Benn,* 68 NY2d 941, 942 [1986]; *People v Baldi,* 54 NY2d 137, 147 [1981].)* The limited purpose of the preliminary parole revocation hearing was to determine whether probable cause existed to believe that the parolee had violated one or more conditions of his parole and therefore did not require the officer to provide detailed testimony pertaining to the legality of the stop, search and subsequent arrest of the defendant. (Executive Law § 259-i [3] [c] [iv].) Concur—Kupferman, J. P., Sullivan, Milonas, Asch and Smith, JJ.