■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON RODRIGUEZ, Appellant.—Judgment, Supreme Court, Bronx County (C. Beauchamp Ciparick, J.), rendered November 17, 1983, convicting defendant, after a jury trial, of manslaughter in the first degree (Penal Law § 125.20 [1]) and sentencing him, as a second violent felony offender, to an indeterminate term of imprisonment of from 10 to 20 years, unanimously affirmed.

On June 10, 1982, defendant's companion, who went by the street name of "Kojak", provoked a fight with the deceased, 14-year-old Ernest Green, outside of the latter's school, Junior High School 123 in the Bronx. When Green appeared to be gaining the upper hand, defendant suddenly ran up behind him and hit him on the right side of the head with a set of brass knuckles. Defendant and Kojak then fled down the block, "slapping five", as the deceased fell to the ground, striking his head on a manhole cover.

Ernest Green died after a 19-day hospitalization. An autopsy revealed a skull fracture, severe brain damage on the right side of the brain, brain deterioration, and pneumonia. Expert testimony established that the head injuries were consistent with being struck with brass knuckles, and the

testimony of three eyewitnesses identified defendant as the person who had struck Green with such a weapon. The official cause of death was head injury.

On appeal, defendant argues, *inter alia,* that he was denied effective assistance of counsel because his trial counsel purportedly did not develop alleged inconsistencies in police reports. We have examined this record and conclude that this claim is without merit. Minor deficiencies and disagreement in retrospect over failed trial strategy, particularly in the face of overwhelming evidence, do not constitute ineffective assistance. *(See, People v Benn,* 68 NY2d 941, 942.) Nor can it be said that trial counsel did not provide "meaningful representation". *(People v Baldi,* 54 NY2d 137, 147.)

Defendant also raises arguments with respect to the prosecution's use of brass knuckles for demonstration purposes, and claimed improprieties during the prosecutor's summation. Neither of these matters was preserved for appellate review as a matter of law (CPL 470.05 [2]) and we decline to reach them in the interest of justice. Indeed, in cross-examination, defense counsel asked the prosecution witness to again demonstrate the use of brass knuckles. Similarly, no objections were made during the prosecutor's summation.

Finally, defendant argues that the trial court did not allow him sufficient time to produce an alibi witness. The record fails to support any such contention. During pretrial proceedings, defense counsel, who had previously been permitted to serve a late alibi notice, stated that he could not find the witness. He subsequently rested at trial without any further reference to his alibi defense. Concur—Ross, J. P., Milonas, Rosenberger, Kassal and Rubin, JJ.