■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK CAMPBELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered April 3, 1986, convicting him of criminally negligent homicide, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's claim that CPL 450.10 and 450.15, which authorize appeals from an order denying a motion to vacate a judgment of conviction (see, CPL 440) only by permission, are unconstitutional (NY Const, art VI, § 4 [k]). This court has noted that: "a motion pursuant to CPL 440.10 to vacate a judgment on the ground of ineffectiveness of counsel, like an order denying a common-law writ of error coram nobis, is an 'intermediate order', an appeal from which may be limited or conditioned (see, People v Gersewitz, 294 NY 163, cert dismissed 326 US 687; mem of State Exec Dept., 1971 McKinney's Session Laws of NY, at 2463; cf., People v Pollenz, 67 NY2d 264)" (People v Ghee, 153 AD2d 954; People v Bellamy, 160 AD2d 886). Thus, the defendant's claim of ineffective assistance of counsel which was denied on the merits on his motion pursuant to CPL 440.10, is not properly before this court on direct appeal. Leave to appeal from that order was denied by order of this court dated June 20, 1989 (see, CPL 450.10, 450.15 [1]; People v Drummond, 104 AD2d 825, 826).

In addition, we reject the defendant's remaining contention, which can be determined from the record on appeal, that he was deprived of the effective assistance of counsel. Defense counsel's efforts, as a whole, afforded the defendant "meaningful representation" (see, People v Baldi, 54 NY2d 137, 147).

Counsel made various pretrial motions, effectively cross-examined witnesses, raised numerous objections, delivered a cogent opening and closing statement, made appropriate posttrial motions, and made a logical and compelling statement on behalf of the defendant at sentencing. Thus, taken as a whole, his performance was sufficiently competent to satisfy the defendant's constitutional right to the effective assistance of counsel *(see, People v Baveghems,* 137 AD2d 822, 823; *People v Robinson,* 133 AD2d 473, 474; *People v Morris,* 100 AD2d 630, *affd* 64 NY2d 803). Moreover, defense counsel's assistance was not constitutionally ineffective merely because some of his strategic choices turned out to be unsuccessful *(see, People v Hinton,* 140 AD2d 712). Bracken, J. P., Kooper, Rubin and Miller, JJ., concur.