■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE TIPPINS, Appellant.—Appeal by the defendant (1) from a judgment of the County Court, Rockland County (Nelson, J.), rendered December 9, 1986, convicting him of criminal posses-

sion of a controlled substance in the first degree and criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court (Braatz, J.), entered March 17, 1989, which denied his motion pursuant to CPL 440.10, to vacate the judgment.

Ordered that the judgment and the order are affirmed.

The charges against the defendant and his two codefendants emanate from the sale of approximately two pounds of cocaine to an undercover police officer in Rockland County on March 19, 1986. The prosecution's main witnesses against the defendants were the undercover officer and his confidential informant.

The defendant's contentions that he was deprived of the effective assistance of counsel are not predicated upon any theory that defense counsel failed to advance which could have been asserted, or upon the failure to call any particular witness that should have been called. With the clarity of hindsight, the defendant now proceeds from the pretrial stage through the weeks of trial, recounting how counsel might have proceeded differently at every step *(see, People v Benn,* 68 NY2d 941, 942).

We find the defendant's contention regarding the ineffective assistance of counsel to be without merit. The record demonstrates that defense counsel vigorously cross-examined the People's witnesses, delivered opening and closing arguments which were consistent with his entrapment defense, raised appropriate objections, made appropriate motions and presented four defense witnesses, including the defendant. Thus, the defendant was provided with meaningful representation *(see, People v Benn, supra; People v Cartagena,* 128 AD2d 797).

Nor was the defendant deprived of the effective assistance of counsel because his court-appointed attorney, Louis Tirelli, was found to be sleeping during portions of his trial. The defendant urges this court to adopt a per se rule that proof of defense counsel's sleeping during a trial violates a defendant's constitutional right to counsel. The hearing court refused to do so, noting that "a per se rule, however, as Justice Bellacosa has said in *People v Winkler* (71 NY2d 592) would unwisely give an unscrupulous attorney a delayed-trigger weapon to be sprung at some later strategic phase of the proceeding, if events developed very badly for a defendant * * *. If we're going to adopt a per se rule, how long a period would be enough to constitute ineffective assistance of counsel?"

The Court of Appeals has set the general rule that "[w]hat constitutes effective assistance is not and cannot be fixed with yardstick precision, but varies according to the unique circumstances of each representation" *(People v Baldi,* 54 NY2d 137, 146). Consistent with that rule, this court has refused to adopt a per se rule that proof of a defense counsel's drug addiction violates the constitutional right to counsel *(see, People v Badia,* 159 AD2d 577, 578). We therein refused to depart from the traditional analysis invoked to resolve claims of ineffective assistance of counsel—whether, viewed in totality, the defense counsel provided meaningful representation.

Although a defense counsel's sleeping during the course of a trial is reprehensible, the transcript of the trial and the hearing on the motion to vacate pursuant to CPL 440.10, when viewed in totality, reveal that the defendant was provided with meaningful representation. The effect of Tirelli's failure to participate in portions of the trial, during which he was perceived to be sleeping, was minimal. Careful scrutiny of the record of the trial, as well as the CPL 440.10 hearing, reveals that Tirelli effectively cross-examined the prosecution's witnesses, made appropriate objections and trial motions and delivered opening and closing statements which were entirely consistent with the defendant's entrapment defense. Significantly, the defendant neither complained to the Trial Justice regarding his attorney's shortcomings during the trial nor sought new assigned counsel. Stated succinctly, the record in the instant case does not sustain a finding that Tirelli failed to afford the defendant meaningful representation.

The defendant further contends that he was denied the effective assistance of counsel because of his attorney's fraudulent, criminal and unethical conduct. Although counsel for the defendant was court-appointed, he solicited and accepted a $5,000 fee from the defendant's mother to "help him work harder on the case". He was subsequently convicted, after a jury trial, of attempted grand larceny, falsifying business records and misconduct by an attorney. The defendant again urges this court to adopt a per se rule that proof of defense counsel's fraudulent, criminal and unethical conduct establishes a violation of his constitutional right to counsel.

The Court of Appeals has also refused to adopt such a rule on a similar set of facts. In *People v Winkler* (71 NY2d 592, *supra),* the defendant's attorney represented him in a criminal proceeding pursuant to a contingent fee retainer, which is clearly unethical. The court, however, refused to hold that

such conduct constitutes per se ineffective assistance of counsel. Thus, the court held that an unethical fee arrangement is not tantamount to less than meaningful representation, any more than an ethical fee arrangement is automatically equal to meaningful representation in all cases. Therefore, a defendant is entitled to relief upon satisfying the defense burden of showing that a possible conflict of interest affected the defense in such a way, based on all relevant aspects of the representation directly or indirectly rooted in that impediment, that meaningful representation was not supplied under the Federal and State Constitutions *(People v Winkler, supra,* at 597).

The defendant has failed to meet that burden in the instant case. He contends that, since defense counsel claimed at his own trial that the $5,000 fee was to be used to represent the defendant on appeal, counsel suffered from a conflict of interest which deprived him of meaningful representation. This argument must fail for two reasons. First, in affirming the conviction of the defendant's counsel, this court found that "the sum paid was intended as trial counsel fees" *(People v Tirelli,* 156 AD2d 738, 739). Thus, the defendant's contention that the $5,000 fee was to be used by counsel on appeal, thereby creating a conflict of interest, is without merit. Second, as previously discussed, the defendant received meaningful representation.

We find that the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Kunzeman, J. P., Kooper, Lawrence and O'Brien, JJ., concur.