■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ORTIZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered March 31, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that he was deprived of the effective assistance of counsel. It is well settled that "[w]hat constitutes effective assistance is not and cannot be fixed with yardstick precision, but varies according to the unique circumstances of each representation" *(People v Baldi,* 54 NY2d 137, 146). In resolving claims of ineffective assistance of counsel the critical issue is whether, viewed in totality, the defense counsel provided meaningful representation *(People v Benn,* 68 NY2d 941; *People v Badia,* 159 AD2d 577, 578; *People v Tippins,* 173 AD2d 512).

The record demonstrates that defense counsel vigorously and effectively cross-examined the People's witnesses, delivered opening and closing arguments which were consistent with his misidentification defense, raised appropriate objections, and presented a plausible defense. Thus, the defendant was provided with meaningful representation *(People v Benn, supra; People v Tippins, supra; People v Badia, supra).*

We also find that the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Kooper, J. P., Sullivan, Lawrence and Rosenblatt, JJ., concur.