■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ELLIOTT, Appellant.—Appeals by the defendant (1) from a judgment of the Supreme Court, Queens County (Lakritz, J.), rendered July 30, 1990, convicting him of attempted assault in the first degree under Indictment No. 2342/88, upon his plea of guilty, and imposing sentence, (2) from a judgment of the same court, also rendered July 30, 1990, convicting him of murder in the second degree under Indictment No. 3984/88, upon his plea of guilty, and imposing sentence, and (3) by permission, from an order of the same court (Eng, J.), entered May 9, 1991, which denied, without a hearing, his motion to vacate the judgments pursuant to CPL 440.10.

Ordered that the judgments and the order are affirmed.

In the third in a series of a court-ordered examinations pursuant to CPL article 730, the defendant was found fit to stand trial by two psychiatrists. This determination was made approximately six months prior to the pleas of guilty entered by the defendant. The findings of fitness to stand trial were never contested by the defendant. Thereafter, the defendant entered the pleas of guilty, and during the plea allocutions, acknowledged the rights he was waiving, including the right to appeal, and that his plea was voluntary. There was no

indication from the defendant's demeanor or otherwise that he was not fit to proceed during either the plea proceedings or at sentencing. Approximately seven months after being sentenced, the defendant moved *pro se* to vacate the judgments pursuant to CPL 440.10, contending for the first time that he was "incapable of understanding [the] proceedings" at the time of his pleas and sentencing. On appeal, the defendant contends that the Supreme Court erred in denying his motion pursuant to CPL article 440 without a hearing, and that he was incompetent to plead guilty. We disagree.

A court may deny a motion pursuant to CPL article 440 without a hearing if it appears that the moving papers do not allege any ground constituting legal basis for the motion *(see,* CPL 440.30 [4]; *see also, People v Brown,* 161 AD2d 527; *People v Buckley,* 139 AD2d 589). In the instant case, a hearing was unnecessary since "[n]o substantive basis exists to support a reasonable belief that the defendant was in any way incapacitated at the time in question" *(People v Buckley,* 139 AD2d 589, *supra).* Accordingly, the defendant's pleas of guilty were not involuntary by reason of lack of mental capacity. Bracken, J. P., Lawrence, O'Brien and Santucci, JJ., concur.