■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WHITMORE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered January 4, 1989, convicting him of robbery in the second degree, assault in the second degree, and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that he was deprived of the effective assistance of counsel. It is well settled that "[w]hat constitutes effective assistance is not and cannot be

fixed with yardstick precision, but varies according to the unique circumstances of each representation" *(People v Baldi,* 54 NY2d 137, 146). In resolving claims of ineffective assistance of counsel the critical issue is whether, viewed in totality, the defense counsel provided meaningful representation *(see, People v Benn,* 68 NY2d 941; *People v Badia,* 159 AD2d 577). The defense counsel effectively cross-examined the People's witnesses, delivered opening and closing arguments which were consistent with his misidentification defense, and presented a plausible defense. Thus, the defendant was provided with meaningful representation *(see, People v Ortiz,* 174 AD2d 763; *People v Campbell,* 162 AD2d 606).

We also find that the trial court's denial of the defendant's request to provide a voice exemplar to the jury was a proper exercise of discretion. Voice exemplar evidence is not admissible as of right but lies within the sound discretion of the Trial Judge, who is in the best position to weigh its relevance, reliability, and whether "its probative value is substantially outweighed by the danger that it will unfairly prejudice the other side or mislead the jury" *(People v Scarola,* 71 NY2d 769, 777; *People v Williams,* 160 AD2d 754, *affd* 77 NY2d 949). Here, the complainant testified that she recognized the defendant from the neighborhood and saw his face when he pushed her down. She was not sure of his accent, indicating that it was a Jamaican or American accent. Thus, the complainant's identification of the defendant was not based upon his voice and there was a possibility that the accent could be faked *(see, People v Veal,* 158 AD2d 633; *People v Williams, supra).*

We have reviewed the defendant's remaining contentions, including those raised in the defendant's supplemental *pro se* brief, and find them to be without merit. Mangano, P. J., Bracken, Sullivan and Balletta, JJ., concur.