■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONOVAN MARSHALL, Appellant. [598 NYS2d 290] —Appeal by the defendant from a judgment of the Supreme Court, Kings

County (Goldman, J.), rendered April 5, 1990, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that he was denied his right to effective assistance of counsel. We disagree. It is well settled that a reviewing court must look at the totality of evidence, the law, and the circumstances of a particular case in determining whether a defendant has been provided with the effective assistance of counsel, and must " 'avoid both confusing true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis' " *(People v Satterfield,* 66 NY2d 796, 798, quoting *People v Baldi,* 54 NY2d 137, 146). In resolving claims of ineffective assistance of counsel, the critical issue is whether, viewed in totality, the defense counsel provided meaningful representation *(see, People v Benn,* 68 NY2d 941; *People v Whitmore,* 190 AD2d 703). Upon our review of the record, we conclude that the defendant was afforded meaningful representation by his attorney, who made appropriate pretrial motions which included a request for *Brady* material and a *Sandoval* hearing, pursued a reasonable trial strategy, effectively cross-examined the People's witnesses, and raised pertinent objections *(see, People v Jones,* 190 AD2d 754; *People v Whitmore, supra; People v Darty,* 177 AD2d 587). Moreover, the record does not support the defendant's claim that his attorney's physical disability rendered his representation less than meaningful.

We find no merit to the defendant's remaining contentions. Rosenblatt, J. P., Miller, Eiber and Pizzuto, JJ., concur.