■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON VELEZ, Appellant. [602 NYS2d 689] —Appeal by the

defendant from a judgment of the County Court, Westchester County (Pirro, J.), rendered May 6, 1992, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's contention that he was deprived of the effective assistance of counsel is without merit. It is well settled that "[w]hat constitutes effective assistance is not and cannot be fixed with yardstick precision, but varies according to the unique circumstances of each representation" *(People v Baldi,* 54 NY2d 137, 146). In resolving claims of ineffective assistance of counsel the critical issue is whether, viewed in totality, the defense counsel provided meaningful representation *(see, People v Benn,* 68 NY2d 941; *People v Badia,* 159 AD2d 577). Here, the record demonstrates that defense counsel effectively cross-examined the People's witnesses, delivered opening and closing arguments which focused on discrepancies in the identification of the defendant, and presented an alibi defense. Taken as a whole, the defendant was provided with meaningful representation *(see, People v Ortiz,* 174 AD2d 763; *People v Campbell,* 162 AD2d 606).

The defendant's challenge to the trial court's alibi charge is unpreserved for appellate review *(see, People v McCray,* 190 AD2d 690; *People v Green,* 154 AD2d 616). In any event, the charge as a whole conveyed the necessary information regarding the People's burden of proof *(see, People v Warren,* 76 NY2d 773; *People v McCray, supra).*

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Ritter, Santucci and Joy, JJ., concur.