■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HERRERA, Appellant. [602 NYS2d 926] —Appeal by the defendant (1) from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered June 18, 1987, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (2 counts) and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court, dated July 16, 1992, which, without a hearing, denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and order are affirmed.

The defendant moved to vacate the judgment of conviction pursuant to CPL 440.10, contending that he was deprived of effective assistance of counsel due to defense counsel's failure to discuss the prosecutor's plea offer with him, a conflict of interest, counsel's drug addiction, and his sleeping during trial. On appeal, the defendant contends that the Supreme Court erred in denying his motion pursuant to CPL 440.10 without a hearing. We disagree.

A court may deny a motion pursuant to CPL article 440 without a hearing if it appears that the moving papers do not allege any ground constituting a legal basis for the motion (see, CPL 440.30 [4] [a]; People v Elliott, 187 AD2d 666). In the instant case, a hearing was unnecessary since the facts set forth in the defendant's motion papers which do not appear in the record on direct appeal, even if true, would not entitle the defendant to a vacatur of the judgment of conviction (see,

*People v Ferreras,* 70 NY2d 630; *People v Satterfield,* 66 NY2d 796, 799; *People v Liggins,* 181 AD2d 916).

Specifically, defense counsel's failure to discuss the prosecution's plea offer with the defendant did not render his representation ineffective since the defendant's original trial counsel had advised the defendant with respect to the plea offer and the defendant had rejected the offer *(cf., People v Reed,* 152 AD2d 481). Moreover, the motion papers only set forth conclusory and unsubstantiated allegations that defense counsel was operating under a conflict of interest due to his alleged drug addiction during trial *(see, People v Pachay,* 185 AD2d 287). Finally, since counsel's alleged drug addiction and sleeping during trial are not a per se violation of the defendant's right to effective assistance of counsel *(see, People v Tippins,* 173 AD2d 512, *cert denied* — US —, 112 S Ct 952; *People v Badia,* 159 AD2d 577), the defendant was only entitled to a hearing on his motion if he established that the totality of the circumstances of the case showed that counsel failed to provide meaningful representation *(see, People v Tippins, supra; People v Badia, supra).* However, a review of the record reveals that defense counsel effectively cross-examined the prosecution witnesses, presented a defense of mistaken identity, and gave opening and closing statements which were consistent with the defense. Thus, the record, viewed in the totality of the circumstances of the case, established that counsel provided the defendant with meaningful representation. Therefore, the Supreme Court providently exercised its discretion in denying the defendant's motion to vacate the judgment, without a hearing.

The defendant's contentions raised on his direct appeal, including his claim that the trial court had a duty to inform him of disciplinary proceedings pending against defense counsel, do not warrant reversal. Rosenblatt, J. P., Lawrence, O'Brien and Ritter, JJ., concur.