■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE BURKS, JR., Appellant. [603 NYS2d 899] —Appeal by the defendant from two judgments of the County Court, Orange County (Berry, J.), both rendered June 26, 1991, convicting him of criminal sale of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the third degree (two counts) under Indictment No. 90-00329, upon a jury verdict, and criminal possession of a weapon in the third degree under Indictment No. 90-00520, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

Viewing the evidence adduced at the trial of Indictment No. 90-00329 in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Furthermore, resolution of issues of credibility, as well as the weight accorded to the evidence presented, are primarily questions for the jury, which heard and saw the witnesses *(see,*

*People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Regarding the defendant's claim of ineffective assistance of counsel, the question is whether, viewed in totality, the defense counsel provided meaningful representation *(see, People v Benn,* 68 NY2d 941; *People v Badia,* 159 AD2d 577). Ineffective assistance of counsel may not be premised solely upon an unsuccessful trial strategy by defense counsel *(see, People v Sullivan,* 153 AD2d 223). While the decision to stipulate that it was the defendant's voice on the tape recording of the drug sale may have been ill advised in retrospect, the defense counsel's assistance was not constitutionally ineffective merely because his strategic choices turned out to be unsuccessful *(see, People v Campbell,* 162 AD2d 161).

The sentences imposed were not excessive *(see, People v Suitte,* 90 AD2d 80). Eiber, J. P., O'Brien, Santucci and Joy, JJ., concur.