■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DEFINA, Appellant. [624 NYS2d 236] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered August 31, 1992, convicting him of assault in the second degree, criminal possession of a weapon in the fourth degree (two counts), and reckless endan-

germent in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Evidence of the defendant's prior and contemporaneous drug transactions was properly ruled admissible by the trial court to facilitate the jurors' understanding of the relationship among the parties *(see, People v Walker,* 165 AD2d 674) and assist in their comprehension of the crime *(see, People v DeLeon,* 177 AD2d 641). Furthermore, the record supports the conclusion that the probative value of this evidence outweighed its potential for prejudice to the defendant *(see, People v Alvino,* 71 NY2d 233, 242). Similarly, evidence of a prior incident in which the defendant set one of his dogs on the complainant and called it off before serious injury was inflicted was properly introduced for its probative value on the issue of the defendant's intent *(see, People v Alvino, supra).*

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's contention that he was deprived of the effective assistance of counsel is without merit. It is well settled that "[w]hat constitutes effective assistance is not and cannot be fixed with yardstick precision, but varies according to the unique circumstances of each representation" *(People v Baldi,* 54 NY2d 137, 146). In resolving claims of ineffective assistance of counsel the critical issue is whether, viewed in totality, the defense counsel provided meaningful representation *(see, People v Benn,* 68 NY2d 941; *People v Badia,* 159 AD2d 577). Here, the record demonstrates that the defense counsel effectively cross-examined the People's witnesses and delivered opening and closing arguments which focused on the central contested issue of the defendant's intent. Taken as a whole, the defendant was provided with meaningful representation *(see, People v Ortiz,* 174 AD2d 763; *People v Campbell,* 162 AD2d 606).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Copertino, J. P., Pizzuto, Joy and Friedmann, JJ., concur.