■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP CORIE, Also Known as COREY PHILLIP, Appellant. [635 NYS2d 89] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Goldstein, J.), rendered November 15, 1993, convicting him of robbery in the second degree and criminal mischief in the third degree under Indictment No. 2359/92, upon a jury verdict, and imposing sentence, and (2) two amended judgments of the same court, also rendered November 15, 1993, revoking two sentences of probation previously imposed by the same court, upon a finding that the defendant had violated conditions thereof, upon his admissions, and imposing sentences of imprisonment upon his previous convictions of robbery in the second degree under Indictment No. 7395/90 and robbery in the second degree under Indictment No. 1838/91.

Ordered that the judgment and amended judgments are affirmed.

The defendant's contention that he was deprived of the effective assistance of counsel is without merit. It is well settled that "[w]hat constitutes effective assistance is not and cannot be fixed with yardstick precision, but varies accordingly to the unique circumstances of each representation" (*People v Baldi*, 54 NY2d 137, 146). In resolving claims of ineffective assistance of counsel, the critical issue is whether, viewed in totality, the defense counsel provided meaningful representation (*see, People v Benn*, 68 NY2d 941; *People v Badia*, 159 AD2d 577). Here, the record demonstrates that the defense counsel made appropriate pretrial motions in an effort to suppress inculpating evidence against the defendant, delivered a clear and cogent closing statement, conducted meaningful cross-examination of the People's witnesses, lodged objections consistent with the defense theory, highlighted inconsistencies in the witnesses' testimony, moved for a trial order of dismissal at the close of the People's case and again at the close of all of the evidence, obtained an acquittal on the count charging rob-

bery in the first degree, and urged leniency during sentencing. Taken as a whole, the defendant was provided with meaningful representation (*see, People v Ortiz*, 174 AD2d 763; *People v Campbell*, 162 AD2d 606).

The court properly exercised its discretion in directing that the sentences imposed as a result of the defendant's violations of probation run consecutive to the sentence for the underlying crime (*see, People v Santana*, 191 AD2d 655). Furthermore, the sentences imposed were not excessive (*see, People v Suitte*, 90 AD2d 80). Mangano, P. J., Bracken, Sullivan and Hart, JJ., concur.