■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD SMITH, Appellant. [647 NYS2d 16] —Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered January 10, 1994, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, entered March 22, 1995, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the judgment and order are affirmed.

The defendant contends that he was denied the effective assistance of counsel. The question is whether, viewed in the totality, the defense counsel provided meaningful representation *(see, People v Ellis,* 81 NY2d 854). Ineffective assistance of counsel may not be premised solely upon an unsuccessful trial strategy by defense counsel *(see, People v Burks,* 198 AD2d 426). While the defense counsel's decision to agree to the admission of certain photographs of the defendant in order to argue misidentification was not a successful strategy, the defense counsel's assistance was not constitutionally ineffective *(see, People v Benn,* 68 NY2d 941).

The defendant's argument that the prosecution committed reversible error by failing to timely disclose certain exculpatory material is not preserved for appellate review *(see,* CPL 470.05; *People v Jeffries,* 125 AD2d 412). In any event, any untimely disclosure of exculpatory material was not reversible error as the defendant was afforded an appropriate remedy at trial *(see, People v Cortijo,* 70 NY2d 868; *People v Lussier,* 205 AD2d 910).

Furthermore, the defendant's motion to vacate the judgment was properly denied *(see,* CPL 190.50 [5] [c]; 440.10 [2] [b]).

The defendant's remaining contentions, including those raised in his *pro se* supplemental brief, are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit *(see, People v Hicks,* 68 NY2d 234). O'Brien, J. P., Thompson, Altman and Krausman, JJ., concur.