■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIANO MONDELUS, Appellant. [650 NYS2d 576] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered November 16, 1994, convicting him of robbery in the first degree, petit larceny, and unlawful imprisonment in the first degree, upon a jury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of the effective assistance of counsel is without merit. It is well settled that "[w]hat constitutes effective assistance is not and cannot be fixed with yardstick precision, but varies according to the unique circumstances of each representation" (*People v Baldi,* 54 NY2d 137, 146). In resolving claims of ineffective assistance of counsel, the critical issue is whether, viewed in totality, defense counsel provided meaningful representation (*see, People v Benn,* 68 NY2d 941; *People v Badia,* 159 AD2d 577). Here, the record demonstrates that defense counsel made appropriate pretrial motions in an effort to suppress inculpating evidence against the defendant; delivered clear and cogent opening and closing statements; conducted meaningful cross-examinations of the People's witnesses; lodged objections con-

sistent with the defense theory; highlighted inconsistencies in the witnesses' testimony; moved for a trial order of dismissal at the close of all of the evidence; and urged leniency during sentencing. Taken as a whole, the defendant was provided with meaningful representation (*see, People v Ortiz,* 174 AD2d 763; *People v Campbell,* 162 AD2d 606). Copertino, J. P., Santucci, Joy and Goldstein, JJ., concur.