■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW BROWN, Appellant. [681 NYS2d 27] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered April 26, 1995, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion in denying his request to substitute counsel on the eve of trial, where counsel had provided representation since the prior year at pretrial hearings without complaint by the defendant (see, People v Sides, 75 NY2d 822, 823; People v Arroyave, 49 NY2d 264, 265; People v Murray, 245 AD2d 531). The defendant failed to demonstrate good cause for the substitution, and it appears that the purpose of his request was to delay the court proceedings and the orderly administration of justice (see, People v Sides, supra, at 823).

Viewing the evidence, the law, and the circumstances of the case, it cannot be said that the defendant was denied the effective assistance of counsel (see, People v Baldi, 54 NY2d 137). The defense counsel delivered a clear and cogent opening statement, conducted meaningful cross-examination of the People's witnesses, lodged objections consistent with the defense theory, moved for a trial order of dismissal at the close of all the evidence, and urged leniency during sentencing (see, People v Gordon, 248 AD2d 638; People v Mondelus, 233 AD2d 408).

Further, the trial court did not improvidently exercise its

discretion in ruling that the prosecutor would be allowed to question the defendant as to the underlying facts of a prior conviction if he testified at trial, since the conviction was probative on the issue of credibility and indicated his willingness to place his interests before those of society (*see, People v Sandoval*, 34 NY2d 371; *People v Coward*, 248 AD2d 397). Bracken, J. P., Rosenblatt, Ritter and Florio, JJ., concur.