■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES GROONELL, Appellant. [682 NYS2d 226] —Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered October 17, 1997, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of the effective assistance of counsel is without merit. "What constitutes effective assistance is not and cannot be fixed with yardstick precision, but varies according to the unique circumstances of each representation" (*People v Baldi,* 54 NY2d 137, 146). In resolving claims of ineffective assistance of counsel the critical issue is whether, viewed in totality, the defense counsel provided meaningful representation (*see, People v Benn,* 68 NY2d 941; *People v Badia,* 159 AD2d 577). Here, the record demonstrates that the defense counsel effectively cross-examined the People's witnesses, delivered a cogent opening and closing statement, and presented a plausible defense. Thus, the defendant was provided with meaningful representation (*see, People v Johnson,* 184 AD2d 732; *People v Ortiz,* 174 AD2d 763).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Thompson, Santucci and McGinity, JJ., concur.