■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMARR WILKES, Appellant. [703 NYS2d 500] —Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered September 24, 1997, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, resisting arrest, and menacing in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the second degree (*see,* Penal Law § 265.03 [2]) and criminal possession of a weapon in the third degree (*see,* Penal Law § 265.02 [4]) beyond a reasonable doubt. The defendant's contention that these convictions should be set aside on the ground that the term "loaded firearm", which is an element of both crimes, is unconstitutionally vague, is without merit (*see, People v Bright,* 71 NY2d 376, 382).

The evidence, the law, and the circumstances of the case, viewed in totality and at the time of the representation, reveal that the defendant was provided meaningful representation of counsel (*see, People v Baldi,* 54 NY2d 137; *People v Flores,* 84 NY2d 184, 186; *People v Jackson,* 70 NY2d 768, 769; *People v Badia,* 159 AD2d 577, 578).

The determinate prison term imposed on the conviction of criminal possession of a weapon in the second degree was properly imposed and is not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. O'Brien, J. P., Santucci, Florio and Smith, JJ., concur.