■ In the Matter of VICTOR N., a Person Alleged to be a Juvenile Delinquent, Appellant. [776 NYS2d 861]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from (1) an order of disposition of the Family Court, Nassau County (Lawrence, J.), dated May 23, 2003,

which, upon a fact-finding order of the same court dated March 24, 2003, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crime of attempted assault in the third degree, adjudged him to be a juvenile delinquent, and placed him in the custody of the New York State Office of Children and Family Services for placement with Berkshire Farms for a period of one year, and (2) an order of the same court, also dated May 23, 2003, revoking a prior order of probation of the same court dated September 17, 2002, upon the appellant's admission that he violated a condition thereof, and placing him in the custody of the New York State Office of Children and Family Services for placement with Berkshire Farms for a period of one year. The appeal from the first order of disposition dated May 23, 2003, brings up for review the fact-finding order dated March 24, 2003.

Ordered that the appeals from so much of the orders of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services for a period of one year are dismissed; and it is further,

Ordered that the orders of disposition are affirmed insofar as reviewed, without costs or disbursements.

Contrary to the appellant's contention, he received the effective assistance of counsel at the fact-finding and dispositional proceedings (*see People v Benevento,* 91 NY2d 708 [1998]; *People v Baldi,* 54 NY2d 137 [1981]; *People v Brown,* 253 AD2d 826 [1998]). Moreover, at the dispositional hearing held on May 23, 2003, the appellant consented to the placement imposed and waived a further dispositional hearing. Accordingly, the appeals from so much of the orders of disposition as placed the appellant in the custody of the New York State Office of Children and Family Services must be dismissed as the appellant is not aggrieved thereby (*see Matter of Shamasia M.,* 4 AD3d 359 [2004]; *Matter of Stevenson J.,* 306 AD2d 412, 413 [2003]; *Matter of Jonathan G.,* 278 AD2d 324 [2000]). Altman, J.P., Goldstein, Adams and Crane, JJ., concur.