■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREMAIN HOLMES, Appellant. [850 NYS2d 571]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered March 8, 2005, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that he was prejudiced by the admission of hearsay testimony of an uncharged crime and by the prosecutor's comments upon that evidence during summation (*see* CPL 470.05 [2]; *People v Tonge*, 93 NY2d 838, 839-840 [1999]; *People v Montalvo*, 34 AD3d 600, 601 [2006]). In any event, the defendant does not contest, on appeal, the trial court's ruling allowing the prosecutor to elicit evidence of an uncharged crime pursuant to *People v Molineux* (168 NY 264 [1901]), and he waived his contention that the uncharged crime was improperly proved through the hearsay testimony of two witnesses by affirmatively using that evidence in his cross-examination of those witnesses and in summation as part of his defense strategy (*see People v Blackman*, 13 AD3d 640, 641 [2004]; *People v Spragis*, 5 AD3d 814, 815 [2004]). Moreover, the prosecutor's remarks in summa-

tion were either fair comment on the evidence, responsive to defense arguments, or otherwise remained within the "broad bounds of rhetorical comment permissible in closing argument" (*People v Galloway*, 54 NY2d 396, 399 [1981]; *see People v Dorgan*, 42 AD3d 505 [2007]; *People v Montalvo*, 34 AD3d 600, 601 [2006]).

The defendant's contention that he was denied the effective assistance of trial counsel is without merit. To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate his attorney's failure to provide meaningful representation, and the absence of strategic or other legitimate explanations for his counsel's allegedly deficient conduct (*see People v Caban*, 5 NY3d 143, 152 [2005]). The record reflects that, under the circumstances and in light of the People's case, the defendant's trial counsel pursued a logical defense strategy which included his affirmative use of the uncharged crime evidence, and that he was successful in obtaining an acquittal on the higher count charging criminal possession of a weapon in the second degree. Considering the record as whole, the defense counsel provided meaningful representation (*see People v Corie*, 222 AD2d 602, 602-603 [1995]).

The defendant's remaining contentions either are unpreserved for appellate review or are without merit. Santucci, J.P., Lifson, Covello and Angiolillo, JJ., concur.