■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GIUCA, Appellant. [909 NYS2d 912]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Marrus, J.), dated April 1, 2009, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered October 19, 2005, convicting him of murder in the second degree, robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

The Supreme Court properly denied, without a hearing, the defendant's motion pursuant to CPL 440.10 to vacate his judgment of conviction on the ground of juror misconduct, which judgment was previously affirmed on appeal to this Court (*see People v Giuca*, 58 AD3d 750 [2009]). The affidavits submitted by the defendant contained only hearsay allegations concerning the conduct of the subject juror and therefore were insufficient to support the motion (*see People v Friedgood*, 58 NY2d 467, 473 [1983]; *People v Stevens*, 275 AD2d 902 [2000]; *People v*

*West*, 237 AD2d 470, 472 [1997]). Although the defendant also tendered audio recordings of statements allegedly made by the juror during several conversations with a third party, the defendant's submissions failed to establish the accuracy or authenticity of those recordings (*see People v Ely*, 68 NY2d 520, 527-528 [1986]), and the oral statements contained therein did not constitute "evidentiary facts" (*People v Ford*, 46 NY2d 1021, 1023 [1979]; *see People v Salaam*, 187 AD2d 363, 364-365 [1992], *affd* 83 NY2d 51 [1993]). In any event, the recorded statements attributed to the subject juror upon which the defendant relied in support of his motion, even if true, would not entitle the defendant to vacatur of the judgment of conviction (*see generally People v Satterfield*, 66 NY2d 796, 799 [1985]; *People v Herrera*, 197 AD2d 706 [1993]).

The defendant's contention concerning the subject juror's alleged bias on the basis of opinions expressed by that juror's employer is not properly before this Court, as that contention was not raised before the Supreme Court (*see People v Swift*, 66 AD3d 1439, 1440 [2009]), and the defendant's remaining contention has been rendered academic in light of our determination. Rivera, J.P., Covello, Santucci and Sgroi, JJ., concur.

Motion by the respondent on an appeal from an order of the Supreme Court, Kings County, dated April 1, 2009, to strike a stated portion of the appellant's reply brief on the ground that it improperly raises an argument for the first time in the reply brief. By decision and order on motion of this Court dated July 23, 2010, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is granted, and that portion of the appellant's reply brief which asserts arguments alleging juror bias on the basis of religion is deemed stricken and has not been considered in the determination of the appeal. Rivera, J.P., Covello, Santucci and Sgroi, JJ., concur.