Trano v Nova-Albino (2022 NY Slip Op 50046(U))

[*1]

Trano v Nova-Albino

2022 NY Slip Op 50046(U) [74 Misc 3d 126(A)]

Decided on January 6, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 6, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : HELEN VOUTSINAS, J.P., ELIZABETH H. EMERSON, TIMOTHY S.
DRISCOLL, JJ

2020-733 W C

John Trano, Appellant,
against
Emilio Nova-Albino and Rebecca J. Pfaffenbach, Respondents.

John Trano, appellant pro se.
Emilio Nova-Albino and Rebecca J. Pfaffenbach, respondents pro se.

Appeal from a judgment of the City Court of Yonkers, Westchester County (Thomas
Quinones, J.), entered May 8, 2020. The judgment, after a nonjury trial, dismissed plaintiff's
claim and awarded defendants the principal sum of $3,000 on their counterclaim.

ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $5,000 based on
defendants' alleged breach of a contract for the sale of real property and defendants counterclaim
for $5,000, also alleging breach of contract. At a nonjury trial, it was established that plaintiff and
his wife had sold defendants premises which consisted of a front lot that contained a residential
building and an adjoining rear lot. The exteriors of both lots contained junk and debris, and
defendants identified problems with the tiles on the porch of the residential building. The
contract of sale stated that the premises were sold "as is" and that all prior representations and
warranties were merged into the contract of sale. However, the parties also entered into a Repairs
Escrow Agreement (Agreement). Insofar as relevant to this action, under the Agreement,
plaintiff's attorney held $3,000 in escrow, to cover the "cleanout of the exterior" of the rear lot as
well as the repair of the porch tiles. In the event that plaintiff failed to perform the cleanout and
[*2]tile repairs by June 30, 2019, defendants had the right "to
elect to hire their own independent Contractor(s)" to do that work, with the "cost for same" to be
the responsibility of the seller, but which would be paid from the escrow fund.
While plaintiff testified that he had timely cleared the rear lot and had properly repaired the
porch tiles, defendants claimed that the sellers had failed to do so. Defendants' witness, who
owns a construction company, testified that he had inspected the premises in the summer of
2019, and estimated that it would cost $3,500 to clean the debris from the exterior of the rear lot
and $3,500 to repair the porch tiles. Defendant Rebecca J. Pfaffenbach testified that she had not
paid to have debris removed from the premises or to have repairs done to the tiles. The City
Court's decision, which was principally founded on its assessment of the credibility of the
witnesses, reflected the court's conclusion that plaintiff had failed in his contractual obligation to
clean the property and make specified repairs by June 30, 2019, and that it would cost defendants
more than the escrow sum of $3,000 to clear the property and repair the porch tiles.
Consequently, the City Court awarded defendants $3,000.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues
of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate
the testimony and demeanor of the witnesses affords it a better perspective from which to assess
their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v
Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments
rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
We thus accept the determination of the City Court that the sellers failed to perform the cleanout
and repairs to the premises within the time strictures set forth in the Agreement.
We limit our review to the issues raised by plaintiff on appeal, to wit, that the trial judge was
biased against him and that the trial was not conducted fairly. We do not consider any of
plaintiff's factual contentions which are dehors the record (see Chimarios v Duhl, 152
AD2d 508 [1989]) or his arguments which are raised for the first time on appeal (see Joe v
Upper Room Ministries, Inc., 88 AD3d 963, 964 [2011]).
Upon a review of the record, we find that the judgment rendered substantial justice to the
parties (see UCCA 1804, 1807).
Accordingly, the judgment is affirmed.
VOUTSINAS, J.P., EMERSON and DRISCOLL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 6, 2022