People v Rafferty (2023 NY Slip Op 51386(U))

[*1]

People v Rafferty (Kathleen)

2023 NY Slip Op 51386(U)

Decided on December 7, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 7, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., TIMOTHY S. DRISCOLL, GRETCHEN WALSH, JJ

2022-341 S CR

The People of the State of New York, Respondent,
against
Kathleen Rafferty, Appellant. 

Edelstein & Grossman (Jonathan I. Edelstein of counsel), for appellant.
Suffolk County District Attorney (Grazia DiVencinzo and Glenn Green of counsel), for respondent.

Appeal from an order of the Justice Court of the Town of East Hampton, Suffolk County (Steven Tekulsky, J.), entered January 6, 2022. The order denied defendant's motion to set aside so much of a sentence as imposed a 60-day term of imprisonment.

ORDERED that the order is affirmed.
Following a jury trial, defendant was found guilty of common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and sentenced to 60 days in jail and 3 years' probation. Defendant was taken into custody but later released pending appeal. This court subsequently affirmed the judgment (see People v Rafferty,62 Misc 3d 127[A], 2018 NY Slip Op 51854[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). Defendant then moved to set aside so much of her sentence as imposed the 60-day term of imprisonment based upon, among other things, her worsened health conditions that put her at increased risk of serious illness due to COVID-19. Alternatively, defendant sought a hearing on the motion. The Justice Court denied defendant's motion without a hearing.
Under the circumstances presented, the Justice Court had no authority to modify defendant's sentence. CPL 430.10 states that "[e]xcept as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with the law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced" (emphasis added). It is undisputed that defendant's sentence had commenced prior to her motion.
There is no basis on this record to support a finding that defendant's sentence was "unauthorized, illegally imposed or otherwise invalid as a matter of law" so as to warrant the setting aside of defendant's term of imprisonment (CPL 440.20 [1]). The Justice Court was within its province to deny the motion without a hearing (see CPL 440.30 [4] [a], [b]; People v [*2]Pil-Yong Yoo, 208 AD3d 1257 [2022]; People v Herrera, 197 AD2d 706 [1993]).
We note that the remainder of defendant's contentions are either improperly raised for the first time on appeal (see Trano v Nova-Albino, 74 Misc 3d 126[A], 2022 NY Slip Op 50046[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2022]) or without merit.
Accordingly, the order is affirmed.
EMERSON, J.P., DRISCOLL and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 7, 2023