■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE SEMKUS, Appellant. — Appeals by defendant from three judgments of the Supreme Court, Suffolk County (McInerney, J.), all rendered June 17, 1983, convicting him of criminal sale of a controlled substance in the third degree, bail jumping in the first degree, attempted criminal possession of a weapon in the third degree and criminal possession of stolen property in the first degree, upon his pleas of guilty, and imposing sentences.

Judgments modified, on the law, by vacating the sentences imposed. As so modified, judgments affirmed, and matter remitted to the Supreme Court, Suffolk County, for resentencing in accordance herewith.

We have examined the record and find no factual support for defendant's claim that he was deprived of the effective assistance of counsel.

However, we vacate the sentences imposed and remit the matter for resentencing because the record suggests that there existed considerable confusion at the time of sentencing as to the particular crimes to which defendant had actually pleaded guilty, as well as to the counts on which the pleas had been entered and the remaining counts which had been dismissed in satisfaction of those pleas. Additional confusion was reflected with respect to the classification of each crime to which defendant had pleaded guilty and the legally permissible term of imprisonment which could be imposed in each case.

A sentencing determination is a matter committed to the sentencing court's discretion which involves consideration and balancing of the objectives of criminal punishment in the context of the crimes charged and the particular circumstances of the offender (*People v Suitte*, 90 AD2d 80, 83; *People v Notey*, 72 AD2d 279, 282-283). Under the circumstances of this case, where there exists some question as to whether the sentencing court has properly exercised its discretion, the matter should be remitted for resentencing.

In view of our determination, we do not reach the question of whether the sentences imposed by Criminal Term were unduly

harsh or severe (CPL 470.15 [2] [c]). Mollen, P. J., Gibbons, Thompson and Bracken, JJ., concur.