■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE SEMKUS, Appellant.—Appeal by the defendant from three resentences of the Supreme Court, Suffolk County (McInerney, J.), all imposed July 16, 1985, upon his convictions of criminal sale of a controlled substance in the third degree under indictment No. 1723/78, bail jumping in the first degree under indictment No. 1419/79, and criminal possession of stolen property in the first degree and attempted criminal possession of a weapon in the third degree under indictment No. 514/83, upon his pleas of guilty.

Resentences affirmed.

When this matter was originally before us, we vacated the

sentences because of the confusion at their imposition, but otherwise affirmed the judgment. Thus, the matter was remitted solely for the purpose of clarifying what sentences had been imposed (see, People v Semkus, 109 AD2d 902). That has now been accomplished.

We reject the defendant's contention that the imposition of consecutive sentences for the crimes of criminal possession of stolen property in the first degree and attempted criminal possession of a weapon in the third degree was improper since the firearm which was the subject of the weapons charge was not among the items of stolen property for which the defendant was convicted. Consecutive sentences may be imposed for distinct criminal acts (Penal Law § 70.25; People v Brathwaite, 63 NY2d 839).

The defendant's further contentions with respect to the legality of his sentences are also without merit. The sentencing court is not bound by the recommendation contained in the presentence report (see, People v Arogundy, 112 AD2d 1003). Codefendants need not be sentenced equally (see, People v Danny G., 61 NY2d 169, 175; People v Jones, 39 NY2d 694), and there is ample reason on this record to sentence the defendant differently than his codefendants. The sentencing court is under no obligation, in the absence of special circumstances not present here (see, North Carolina v Pearce, 395 US 711, 726), to explain its decision (see, CPL 380.50; United States v Vasquez, 638 F2d 507).

Finally, the sentences imposed were not an abuse of discretion and the circumstances do not warrant our substituting our own discretion for that of the sentencing court (see, People v Suitte, 90 AD2d 80). Lazer, J. P., Bracken, Brown, Lawrence and Kooper, JJ., concur.