■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN COTE, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Goodman, J.), rendered May 22, 1985, convicting him of murder in the second degree and robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant's contention that statements he made were the product of an unlawful police detention is without merit. The defendant, whose van was parked in a shopping plaza containing a drugstore, aroused police suspicion when two police officers observed, from a distance of "two parking spaces" away, that he resembled police composite drawings of a suspect in numerous area drugstore robberies. A check of the van's license plates revealed that they had been issued to a red Pontiac, which the police subsequently discovered to also be the property of the defendant. These factors gave the police officers reasonable suspicion supporting their request that the defendant drive his vehicle over to the side of the road and supporting their reasonable inquiry *(see, People v Ingle,* 36 NY2d 413; *see also, People v Prochilo,* 41 NY2d 759).

We find that in light of the totality of the surrounding circumstances, the inculpatory statements made by the defendant after about an hour of police questioning were voluntary *(see, People v Anderson,* 42 NY2d 35; *People v Woods,* 141 AD2d 588). Moreover, the defendant's previous request for counsel made in connection with unrelated charges pending in

the State of North Carolina, did not preclude him from voluntarily waiving his right to counsel with respect to the new charges *(see, People v Bing,* 146 AD2d 178, *affd* 76 NY2d 331). Accordingly, the Nassau County police officers were entitled to question the defendant after he voluntarily waived his right to counsel following the administration of the *Miranda* warnings *(see, People v Bing, supra).*

Finally, since the defendant pleaded guilty with the understanding that he would receive the sentence which was thereafter actually imposed, he cannot assert the sentence was excessive *(see, People v Kazepis,* 101 AD2d 816).

We have examined the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.