■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CARTER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered June 2, 1987, convicting him of murder in the second degree (two counts), attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the testimony of the investigating officer to the effect that the name "Rayheim", the defendant's purported nickname, was posted on a wall at the gambling establishment at which the crime occurred and at another gambling establishment was irrelevant and constituted improper bolstering. This was allegedly exacerbated by the prosecutor's argument during summation that the names on the walls corroborated the complainant's testimony. We disagree.

Though nominally a question of fact, relevance is, in the first instance, for the court's determination *(People v Feldman,* 299 NY 153, 169; *see also, People v Collins,* 123 AD2d 779). Once a court determines that evidence is relevant, the evidence is presumed admissible unless subject to some exclusionary rule or if its admission would prolong the trial to an unreasonable extent without some corresponding advantage, unfairly surprise a party, mislead the jury or create substantial danger of undue prejudice to a party *(see, People v Davis,* 43 NY2d 17, 27, *cert denied* 435 US 998; Richardson, Evidence §§ 145, 146, 147 [Prince 10th ed]). Here, where the complainant, Chris Neil, was the sole surviving eyewitness to the shooting, the reliability of his identification of the defendant as the shooter was the crucial issue at trial. Neil testified that he knew the defendant as "Rayheim" and had seen him on several occasions at another numbers parlor where the defendant had, on a few occasions, been granted access to the locked employees' areas. Neil testified that when the defendant entered the gambling establishment in question on the date of the shooting, he recognized him and assumed that he had some business relationship with the gambling establishment. Thus, the officer's testimony that the name "Rayheim" was posted on the walls at both gambling establishments was independent evidence of the connection between "Rayheim"

and the gambling establishment and was relevant to the reliability of the complainant's identification of the defendant as "Rayheim". In any event, due to the overwhelming proof of the defendant's guilt provided by an eyewitness who recognized him at the scene of the crime and had an ample opportunity to observe him before, during and after the shooting, any error in admitting this testimony was harmless *(see, People v Crimmins,* 36 NY2d 230, 241).

The court stated that it was sentencing the defendant to consecutive sentences because the evidence established that the shooting of the complainant was a separate act from the shooting and killing of Jorge Cerda. Accordingly, since the court had a reasonable basis for the sentence and because the sentence imposed properly reflected the seriousness of the defendant's crimes, it should not be disturbed on appeal *(see, People v Suitte,* 90 AD2d 80, 85).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them either to be unpreserved for appellate review *(see,* CPL 470.20) or without merit. Brown, J. P., Kunzeman, Eiber and Balletta, JJ., concur.