■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN SMITH, Appellant.—Judgment, Supreme Court, Bronx County (George Covington, J.), rendered December 12, 1988, convicting defendant after a jury trial of robbery in the second degree, and sentencing him to an indeterminate term of imprisonment of seven and one-half to fifteen years, unanimously affirmed.

Defendant and his accomplice were convicted of robbing a livery driver at gunpoint. Defendant testified that he was innocent, that he had somehow wrested the gun from complainant after a fare dispute, and that he was planning to surrender the gun to the police when he was arrested. During cross-examination, the prosecutor asked defendant whether he had ever told the police that it was he who had been the victim of a crime, to which defendant responded that he told them that they had arrested the wrong person.

Generally, it is improper to use defendant's pre-trial silence as direct evidence of guilt, or to impeach the credibility of a testifying defendant (People v De George, 73 NY2d 614). Here, however, the conspicuous absence of defendant's exculpatory statements from those admissions defendant did make was sufficiently significant to warrant the inference that the statement was more consistent with guilt than innocence, and was admissible to impeach defendant's credibility (People v Savage, 50 NY2d 673; see, People v Rothschild, 35 NY2d 355, 358-359). On this score, the comment by the prosecutor on summation was properly limited to reference to defendant's credibility.

Defendant's remaining claims have no merit. Defendant did not lay a proper foundation for the admission of a detective's report of the incident (People v Maisonave, 140 AD2d 545, lv

*denied* 72 NY2d 958). There is ample support in the record for the court's decision to accept a partial verdict (CPL 310.70), and the court did not abuse its power to control the scope of cross-examination. *(People v Schwartzman,* 24 NY2d 241, *cert denied* 396 US 846.) Defendant's present objection to the court's charge on the complainant's credibility has not been preserved, and his arguments on the impact of the court's decision to raise his bail during the trial are speculative. Concur—Sullivan, J. P., Wallach, Asch and Smith, JJ.