■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABDEL ABUSHATARA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kooper, J.), rendered May 2, 1985, convicting him of murder in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

We find that in light of the surrounding circumstances, the inculpatory statements made by the defendant after approximately 1-½ hours of questioning were voluntary (see, People v Anderson, 42 NY2d 35; People v Cote, 164 AD2d 919; People v McAvoy, 142 AD2d 605). Moreover, although the record is unclear as to whether the defendant made a previous request for counsel in connection with unrelated charges pending in the State of Maryland, such a request would not have pre-

cluded him from waiving his right to counsel with respect to the New York homicide charges *(see, People v Bing,* 76 NY2d 331; *People v Cote, supra).* Accordingly, the New York City detectives were entitled to question the defendant after he voluntarily waived his right to counsel following the administration of the *Miranda* warnings *(see, People v Bing, supra; People v Cote, supra).*

We also reject the defendant's contention that his statutorily and constitutionally-protected right to be present during the process of impaneling the jury *(see, People v Ciaccio,* 47 NY2d 431; *People v Mullen,* 44 NY2d 1) was violated because a discussion concerning certain prospective jurors took place at the bench and because challenges were conveyed to the Trial Judge outside the courtroom *(cf., People v Velasco,* 77 NY2d 469; *People v Ganett,* 68 AD2d 81, *affd* 51 NY2d 991). It is clear that the defendant had a meaningful voice in the selection of the jury *(see, People v Ramos,* 173 AD2d 748), and that he was "sufficiently present" to satisfy statutory and constitutional requirements *(see, United States v Chrisco,* 493 F2d 232, 236, *cert denied* 419 US 847; *cf., People v Velasco, supra).*

The defendant's contention that the verdict sheet submitted to the jury was not proper is unpreserved for appellate review since he failed to object to its submission *(see,* CPL 470.05 [2]; *People v Hallums,* 157 AD2d 800, 801; *People v Gray,* 154 AD2d 478, 481; *People v Lugo,* 150 AD2d 502; *People v Weatherly,* 144 AD2d 509, 510; *cf., People v Nimmons,* 72 NY2d 830; *People v Testaverde,* 143 AD2d 208). Moreover, reversal in the interest of justice is not warranted because the defendant consented to the submission of the verdict sheet *(see, People v Weatherly, supra,* at 510; *cf., People v Testaverde, supra,* at 209, 211-212). Kunzeman, J. P., Harwood, Rosenblatt and O'Brien, JJ., concur.