■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK HOCK, Appellant.—Judgment, Supreme Court, New York County (Rose L. Rubin, J.), rendered September 27, 1990, convicting defendant, after jury trial, of robbery in the first degree, and sentencing him to a term of imprisonment of 2½ to 7½ years, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

Evidence at trial was that the complainant, a yellow cab driver, was hailed by defendant. As the cab approached the requested destination, defendant held a knife to the complainant's throat and demanded all of his money. The complainant handed over 30 single dollar bills that he had beside him on the front seat. At the same time, the complainant stepped on the accelerator, causing defendant to fall backwards, and rebuffed defendant's attempts to stab him by threatening that he would crash the cab into another car. The complainant then stopped the cab near a crowd just leaving a nightclub, shouting that he had been robbed and cautioning that the robber had a knife.

Several people from the nightclub came to the complainant's aid, stopped defendant as he left the cab and began to walk away, and took a knife from defendant's waistband.

Defendant testified in his own behalf that he had merely argued with the complainant over the route and fare, and then the complainant began screaming for defendant to get out of the cab.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), defendant's guilt beyond a reasonable doubt of robbery in the first degree is amply supported *(People v Bleakley,* 69 NY2d 490). The jury's determination to credit the complainant's version of the conceded encounter between defendant and the complainant, not unreasonable, will not be disturbed by this

court *(see, e.g., People v Fonte,* 159 AD2d 346, *lv denied* 76 NY2d 734).

Defendant testified in his own behalf that he was "relieved" to see the police arrive at the scene, and that he had voluntarily offered a statement to the officer who escorted him away from the crowd that he had not committed a robbery and was "glad" to see the officer. This testimony opened the door to the prosecutor's cross-examination of defendant, and re-call of the arresting officer on rebuttal to impeach defendant with his "unnatural" omission in failing to inform the police at the scene of his alleged fare dispute with the complainant or, indeed, in failing to make any attempt to clarify the situation *(see, People v Savage,* 50 NY2d 673, 678-679, *cert denied* 449 US 1016).

We have considered defendant's additional claims and find them to be without merit. Concur—Murphy, P. J., Sullivan, Carro, Rosenberger and Rubin, JJ.