■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONOVAN MILLER, Appellant. [601 NYS2d 941] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Zweibel, J.), rendered April 16, 1990, convicting him of murder in the second degree (two counts), and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence adduced at trial was legally insufficient to establish his guilt for depraved-mind murder *(see,* Penal Law § 125.25 [2]) and criminal possession of a weapon in the third degree *(see,* Penal Law § 265.02 [4]) is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. In so finding, we note that, contrary to the defendant's contention, the testimony of the sole eyewitness to the shootings was not "incredible" as a matter of law. Resolution of issues of credibility, as well as the weight to be afforded to the evidence presented, are primarily to be determined by the jury, which

saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant, who was known to the testifying eyewitness solely by the nickname of "Diamond" prior to the shootings, further contends that the admission of several items of diamond-studded jewelry he was wearing at the time of his arrest, nearly five months after the shootings had occurred, was error, inasmuch as the prosecution had failed to lay a proper foundation as to how this witness knew him by that nickname.

This claim of error is preserved only as to the five diamond rings admitted after the defendant had already consented to the admission of the three other items with respect to which he now claims error *(see,* CPL 470.05 [2]). The evidence in question was certainly relevant to the reliability of the witness's identification of the defendant as "Diamond" *(see, People v Carter,* 166 AD2d 660). Further, any prejudicial effect from admitting these rings was minimal in light of the other evidence in the case. Therefore, the probative value clearly outweighed any prejudicial effect. Sullivan, J. P., Balletta, Lawrence and Joy, JJ., concur.