■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BLAS, Appellant. [603 NYS2d 761] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered August 23, 1991, convicting him of robbery in the first degree and robbery in the second degree (two counts), and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

The defendant was convicted of robbery after he was identified by the victim of a robbery as one of several youths that had attacked him. Contrary to the defendant's assertions on appeal, viewing the evidence adduced at trial in the light most favorable to the People, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see, People v Contes, 60 NY2d 620). Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence (see, CPL 470.15).

We have reviewed the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Lawrence, O'Brien and Copertino, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHMOND BROWN, Appellant. [601 NYS2d 965] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered October 17, 1987, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel. The evidence, the law, and the circumstances of the case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation (see, People v Baldi, 54 NY2d 137). Although the attorney's cross-examination of the complainant and his summation were not lengthy, he vigorously argued the defense theory of misidentification. Significantly, the defendant's attorney was not the first attorney at trial to conduct cross-examination or summation, and there was little else which could have been adduced or added after the codefendant's counsel had finished (see, People v Bossett, 157 AD2d 734, 735).

Although it was arguably improper for the prosecutor to suggest during summation that the jury might experiment

inside the jury room (see, People v Legister, 75 NY2d 832), such impropriety did not substantially prejudice the defendant or deprive him of a fair trial (see, People v Roopchand, 65 NY2d 837, 838). Significantly, the trial court averted any potential prejudice by instructing the jury that under no circumstances could they indulge in speculation or guesswork, nor could they consider anything outside the evidence. Additionally, there was no indication that the jury conducted any experiment.

Viewing the evidence adduced at the trial in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Mangano, P. J., Balletta, Eiber and Ritter, JJ., concur.