■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE MCGUIRE, Appellant. [614 NYS2d 921] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered November 13, 1990, convicting him of murder in the second degree, attempted murder in the second degree, assault in the first degree (three counts), and criminal possession of a weapon in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of the effective assistance of counsel is without merit. It is well settled that "[w]hat constitutes effective assistance is not and cannot be fixed with yardstick precision, but varies according to the unique circumstances of each representation" *(People v Baldi,* 54 NY2d 137, 146). In resolving claims of ineffective assistance of counsel the critical issue is whether, viewed in totality, the defense counsel provided meaningful representation *(see, People v Benn,* 68 NY2d 941; *People v Badia,* 159 AD2d 577). Here, the record demonstrates that the defense counsel effectively cross-examined the People's witnesses, delivered a cogent opening and closing statement, and presented a plausible defense. Thus, the defendant was provided with meaningful representation *(see, People v Johnson,* 184 AD2d 732; *People v Ortiz,* 174 AD2d 763).

The defendant's contention that he was prejudiced by the form of the verdict sheet submitted to the jury is unpreserved for appellate review, since he failed to object to its submission *(see, People v Abushatara,* 176 AD2d 946). Moreover, reversal is not warranted in the exercise of our interests of justice jurisdiction, as the defendant consented to the submission of the verdict sheet *(see, People v Taylor,* 76 NY2d 873; *People v Allah,* 202 AD2d 599; *People v Abushatara, supra).*

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., O'Brien, Ritter and Krausman, JJ., concur.