■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE JUDKINS, Appellant. [620 NYS2d 503] —Cardona, P. J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered April 6, 1993, upon a verdict convicting defendant of the crime of assault in the second degree.

On June 17, 1992, after being arraigned in Cohoes City Court in Albany County and having bail set at $250 in a matter unrelated to the instant crime, defendant became agitated and directed loud obscenities and threats at the Judge which resulted in a finding of contempt. Continuing his obscenities, defendant moved in a threatening manner toward the bench, resulting in the physical intervention of Police Officers James Ward and Alfred Norton. Each officer grabbed defendant by the arm and defendant commenced an altercation resulting in Norton being flung into a door frame and Ward being pushed against a railing. As a result of injuries sustained by both officers, defendant was indicted on two counts of assault in the second degree. After trial defendant was acquitted of the assault involving Ward and convicted of the assault against Norton.

Defendant contends that the proof was inadequate to estab-

lish that Norton suffered a physical injury. Physical injury is defined by Penal Law § 10.00 (9) as an "impairment of physical condition or substantial pain". Viewing the proof in a manner most favorable to the People (*see, People v Allah*, 71 NY2d 830, 831), we find that the record establishes that Norton suffered a physical injury (*see, People v Guidice*, 83 NY2d 630, 636; *see also, People v Bleakley*, 69 NY2d 490). Norton suffered contusions to his left shoulder and elbow with swelling and substantial pain. He immediately sought medical attention and his physician directed him to ice-pack the area, ordered the use of a sling to immobilize the arm and shoulder, prescribed a narcotic pain killer and excused him from work for several days. Norton testified that the pain necessitated the use of prescription medication, particularly at night, and required the use of the sling for 4½ days. Norton missed several days of work and was unable to report to work until June 22, 1992. The pain continued in a significant manner for two weeks during which time Norton did not have full use of his left arm. The proof was sufficient to allow the jury to find physical injury.

We find no merit to defendant's remaining contentions. The limited inquiries as to why defendant was in court in the first instance, his statements and demeanor immediately following the assault, and his physical size were relevant to the indictment and created no undue prejudice (*see, People v Carter*, 166 AD2d 660, *lv denied* 77 NY2d 837). Defendant also claims that the City Court Judge should have recused himself from presiding over his arraignment on the felony assault charges because the assaults occurred before him in court. Where, as here, a recusal motion is not based upon a statutory ground for disqualification (*see,* Judiciary Law § 14), the Judge to whom the motion is made is the sole arbiter of recusal (*see, Matter of Murphy*, 82 NY2d 491, 495; *People v Moreno*, 70 NY2d 403, 405). In such a case, alleged bias, prejudice or improper motive on the part of a Judge will not be a cause for recusal unless shown to affect the outcome of a case (*People v Moreno, supra*, at 407). Defendant has not made the required showing.

In addition, a conviction will not be vacated because a defendant is detained without the requisite preliminary hearing (*see, People v Brown*, 184 AD2d 856, 857, *lv denied* 80 NY2d 927). Finally, defendant was not denied a speedy trial. At the July 28, 1992 arraignment, the People announced their readiness for trial both in writing and orally in open court, well within the six-month requirement contained in CPL

30.30. There was no undue delay under CPL 30.20. The trial was commenced on March 11, 1993, less than nine months after defendant's arrest and the filing of a criminal complaint. At arraignment, defendant's counsel requested a conference and was granted 45 days to make his omnibus motion. The motion was made on September 10, 1992 and timely addressed by the prosecutor on September 21, 1992. County Court rendered a written decision on October 20, 1992. At appearances on November 30, 1992 and February 3, 1993, the matter was marked ready for trial. There was no undue delay chargeable to the People under the standards articulated in *People v Taranovich* (37 NY2d 442, 445).

Mercure, Crew III, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.