■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNSON FOY, Appellant. [631 NYS2d 693] —Judgment, Supreme Court, New York County (Paul Bookson, J.), rendered December 15, 1992, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 10 1/2 to 21 years, unanimously affirmed. Order, same court and Justice, entered on or about July 26, 1993, which denied defendant's motion to vacate the judgment, unanimously affirmed.

We find nothing in defendant's brief that warrants a different result with respect to issues previously raised by the codefendant (*People v Foy*, 212 AD2d 446, *lv denied* 85 NY2d 938).

Viewing the evidence in a light most favorable to the People and giving due deference to the jury's findings on credibility (*People v Bleakley*, 69 NY2d 490, 495), defendant's guilt was proven beyond a reasonable doubt by overwhelming legally sufficient evidence, and the verdict was not against the weight of that evidence. Defendant's failure to tell arresting police that he was a victim, not a perpetrator, of a crime, as he testified at trial, was a "conspicuous absence" (*People v Smith*, 172 AD2d 277, *lv denied* 78 NY2d 974) and an " 'unnatural' omission" (*People v Hock*, 183 AD2d 497, 498, *lv denied* 80 NY2d 904) from his statement, concerning which he was properly cross-examined (*compare, People v Conyers*, 52 NY2d 454, *with People v Savage*, 50 NY2d 673, *cert denied* 449 US 1016). The civil complaint filed by the codefendant, which claimed that police at the scene of his arrest failed to prevent the complain-

ant from stabbing him with a screwdriver, was properly admitted as rebuttal evidence to refute testimony that the stabbing arose as a result of a fare dispute, prior to any interaction with police. Defendant was not deprived of effective assistance of counsel simply because his attorney did not secure his right to testify before the Grand Jury. Upon the present record, such was a reasonable decision by counsel undoubtedly concerned with the perils of providing a prosecutor with potential impeachment material at trial (*see, People v Bundy*, 186 AD2d 357, *lv denied* 81 NY2d 837; *People v Rivera*, 71 NY2d 705, 709). Defendant's claim that the prosecutor's summation denied him a fair trial is for the most part unpreserved, and in any event without merit. We have considered the defendant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Williams, Tom and Mazzarelli, JJ.