■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JOHNSON, Also Known as KEVIN JAMEL JOHNSON, Defendant-Appellant. [643 NYS2d 55] —Judgment, Supreme Court, Bronx County (William Donnino, J., at hearing; Bonnie Wittner, J., at trial), rendered October 28, 1992, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 25 years to life, $8^1/_3$ to 25 years and 5 to 15 years, respectively, unanimously affirmed.

Viewing the evidence in a light most favorable to the People (*People v Contes,* 60 NY2d 620, 621), it was legally sufficient to establish defendant's guilt of the crimes of which he was convicted. Nor was the verdict against the weight of the evidence. Any inconsistencies in the witnesses' testimony are not sufficiently consequential to warrant disturbing the jury's findings of credibility (*see, People v Bleakley,* 69 NY2d 490, 495).

At trial, defendant claimed that a prosecution witness fabricated parts of his testimony by tailoring it to match certain discovery materials to which this witness, according to defendant's speculative theory, supposedly had access while incarcerated with defendant. It was not an improvident exercise of discretion for the trial court to have denied defendant's request to introduce these discovery materials into evidence since there was no foundation laid for their admission (*see, People v Smith,* 172 AD2d 277, *lv denied* 78 NY2d 974), and their admission would not have aided the jury in resolving

relevant issues and might have confused the jury or led to improper speculation (*see, People v Scarola*, 71 NY2d 769, 777-778). Although certain comments of the prosecutor during summation with respect to the discovery materials were misleading, as the trial court found, the error did not deprive defendant of a fair trial since the comments were isolated, the court provided a curative instruction and the evidence of guilt was overwhelming (*see, People v Escalera*, 220 AD2d 259, *lv denied* 87 NY2d 846).

We perceive no abuse of discretion in sentencing. Concur—Murphy, P. J., Sullivan, Wallach, Nardelli and Tom, JJ.