■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REYNALDO TURNER, Appellant. [677 NYS2d 373] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered November 22, 1996, convicting him of criminal sale of a controlled substance in the fifth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the identification by a trained undercover police officer who had observed him in a face-to-face sale of narcotics, then again minutes after his arrest, and then 45 minutes later at the stationhouse, is not the kind of identification procedure ordinarily burdened or compromised by suggestiveness so as to warrant a *Wade* hearing (*see, People v Wharton,* 74 NY2d 921). Furthermore, the strategic choice of the defendant's attorney that the defendant would not testify before the Grand Jury did not constitute ineffective assistance of counsel (*see, People v Foy,* 220 AD2d 220). Mangano, P. J., Sullivan, Florio and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SAMANTHA C. SEDA, on Behalf of MOBOLAJI JOHNSON, Petitioner, v MICHAEL P. JACOBSON, Respondent. [676 NYS2d 516] —Writ of habeas corpus in the nature of an application for bail reduction upon Queens County Indictment No. 212/97 or to release the defendant on his own recognizance.

Adjudged that the writ is dismissed, without costs or disbursements.

The determination of the Supreme Court, Queens County, was not an improvident exercise of discretion, and did not violate "constitutional or statutory standards" (*People ex rel. Klein v Krueger,* 25 NY2d 497, 499; *see, People ex rel. Rosenthal v Wolfson,* 48 NY2d 230). Copertino, J. P., Thompson, Pizzuto and Luciano, JJ., concur.