■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER L. GRIECO, Appellant. [691 NYS2d 888] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Pitts, J.), rendered March 22, 1996, convicting him of murder in the second degree, conspiracy in the second degree, and criminal possession of a weapon in the second degree, after a nonjury trial, and imposing sentence. The appeal brings up for

review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The hearing court concluded that the defendant's statements were voluntarily given after he had been fully apprised of his *Miranda* rights and agreed to waive them. This agreement was not the result of physically-coercive conditions. Much weight must be accorded a suppression court's findings of fact because of its advantages of having seen and heard the witnesses (*see, People v Prochilo,* 41 NY2d 759). The hearing court did not err in failing to suppress the defendant's statements (*see, Miranda v Arizona,* 384 US 436; *People v Huntley,* 15 NY2d 72; *People v Rodriguez,* 167 AD2d 562).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant was provided with meaningful representation (*see, People v Benn,* 68 NY2d 941; *People v Baldi,* 54 NY2d 137; *People v McGuire,* 205 AD2d 805).

The defendant's sentence was not illegal (*see,* Penal Law § 70.25 [2]; *People v Laureano,* 87 NY2d 640; *People v Brown,* 80 NY2d 361; *see, e.g., People v Moe,* 227 AD2d 253; *People v Feingold,* 125 AD2d 587) or excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or do not require reversal. O'Brien, J. P., Goldstein, Luciano and Schmidt, JJ., concur.