■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE MCTOOTLE, Appellant. [714 NYS2d 42] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered June 30, 1998, convicting defendant, after a nonjury trial, of assault in the first degree and criminal possession of a weapon in the fourth degree, and sentencing him to concurrent terms of 1½ to 4½ years and 1 year, respectively, unanimously affirmed.

The People's reference in summation to defendant's failure to mention, in his voluntary post-arrest statements to the police, an alleged incident in which the complainant assaulted defendant prior to the commission of the crime charged, which alleged incident purportedly supported defendant's claim to have acted in self-defense, was proper (*see, People v Savage*, 50 NY2d 673, 676, *cert denied* 449 US 1016; *People v Hightower*, 237 AD2d 166, *lv denied* 89 NY2d 1094; *People v Hock*, 183 AD2d 497, 498, *lv denied* 80 NY2d 904). The People also properly used, in cross-examination and in summation, defendant's failure to report, prior to the occurrence of the charged crime, the alleged assault by the complainant, since that alleged assault constituted an incident separate and distinct from the charged crime that defendant had affirmatively placed in issue as part of his direct case. Defendant's objections to the People's cross-examination of defendant and summation comments concerning his economic status and his dependence on others, including the victim, to pay his living expenses, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find any impropriety in such evidence or comments to have been harmless, since it may be presumed in this nonjury trial that the trial court was not influenced by any inappropriate factors (*see, People v Moreno*, 70 NY2d 403, 406). Concur—Nardelli, J. P., Ellerin, Wallach, Andrias and Saxe, JJ.