◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO ARMONTE, Also Known as JULIO ALMONTE, Appellant. [732 NYS2d 38] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (R.E. Rivera, J.), rendered September 9, 1998, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant sold crack cocaine to an undercover police officer from the front of a grocery store in Brooklyn, and was arrested moments later in the store basement. Scattered money, including the pre-recorded buy money, and quantities of the drug were found near the defendant at the time of his arrest. The name "Miguel" and notations purportedly indicating other drug sales were handwritten on a brown paper bag found in the front of the store.

The defendant is not entitled to a new trial because of the testimony of a police detective that the defendant told him his nickname was "Miguel." Contrary to the defendant's claim that this was an alias, thereby implying his participation in other

crimes, and that its introduction should have been subject to analysis pursuant to *People v Molineux* (168 NY 264), there was no evidence that the nickname was being used for the purpose of evading prosecution or other connection to criminal activity (*see, People v Walker,* 83 NY2d 455, 461; *People v Jean-Louis,* 272 AD2d 626; *People v Stays,* 265 AD2d 585).

There is no merit to the defendant's contention that comments made during the prosecutor's opening statement and on summation constituted reversible error. The prosecutor's opening contained a chronology of events describing what the People intended to prove (*see,* CPL 260.30 [3]; *People v Kurtz,* 51 NY2d 380, 384). The defense counsel did not object to the summation comments (*see, People v Thomas,* 257 AD2d 584; *People v Goodson,* 185 AD2d 945). In any event, any possible prejudice as a result of the prosecutor's summation was averted by the court's limiting instructions that the comments of counsel were not evidence, followed by the court's curative instructions (*see, People v Heide,* 84 NY2d 943; *People v Williams,* 46 NY2d 1070; *People v Brown,* 196 AD2d 878; *People v Sheppard,* 168 AD2d 584, 585), and did not constitute reversible error (*see, People v Roopchand,* 65 NY2d 837; *People v Galloway,* 54 NY2d 396; *People v Tirado,* 203 AD2d 309).

The defense counsel effectively cross-examined the People's witnesses and delivered opening and closing statements, and presented a plausible defense theory, namely, that the defendant had a legitimate job working at the grocery store rather than selling drugs. Therefore, the defendant was provided with meaningful representation (*see, People v Benn,* 68 NY2d 941, 942; *People v Mejias,* 278 AD2d 249; *People v Grieco,* 262 AD2d 656; *People v Groonell,* 256 AD2d 356, 357; *People v McGuire,* 205 AD2d 805). Krausman, J. P., McGinity, H. Miller and Smith, JJ., concur.