■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN AVILA, Also Known as JUAN GOMEZ, Appellant. [734 NYS2d 860] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated April 10, 2000 (*People v Avila,* 271 AD2d 541), affirming a judgment of the Supreme Court, Queens County, rendered April 30, 1998.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERMAINE BARNES, Appellant. [734 NYS2d 480] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered February 10, 2000, convicting him of rape in the first degree and rape in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenges to various remarks made by the prosecutor in his closing statements are largely unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, those remarks were either fair comment on the evidence, permissive rhetorical comment, or responsive to the defense counsel's summation (*see, People v Sostre,* 282 AD2d 766, *lv denied* 96 NY2d 868; *People v Torres,* 121 AD2d 663). The remarks made by the prosecutor in his opening statement were not so prejudicial as to constitute reversible error in light of the overwhelming evidence of the defendant's guilt (*see, People v Crimmins,* 36 NY2d 230). H. Miller, J. P., Townes, Crane and Cozier, JJ., concur.