■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTHAM PALMER, Appellant. [751 NYS2d 748] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered November 4, 1998, convicting him of sexual abuse in the first degree and endangering the welfare of a child, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly admitted evidence of an uncharged crime committed by the defendant since it completed the narrative of the events culminating in the defendant's arrest (*see People v Samlal,* 292 AD2d 400; *People v Herrera,* 287 AD2d

579, *cf. People v King,* 191 AD2d 513, 514). Moreover, any prejudicial effect caused by the admission of the evidence was minimized because the court, sitting as the trier of fact, is presumed capable of disregarding prejudicial aspects of the evidence (*see People v Moreno,* 70 NY2d 403, 406; *People v Tong Khuu,* 293 AD2d 424, 425, *lv denied* 98 NY2d 714; *People v Douglas,* 284 AD2d 277; *People v Molloy,* 282 AD2d 311; *People v Martinez,* 278 AD2d 146).

The defendant's contention that the evidence was legally insufficient to establish his guilt of the crimes of which he was convicted beyond a reasonable doubt is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94). Its determination should be given great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Santucci, J.P., Krausman, Crane and Mastro, JJ., concur.