■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT HILL, Appellant. [779 NYS2d 785]—Appeal by the defendant from a judgment of the County Court, Westchester County (DiFiore, J.), rendered May 20, 2002.

Ordered that the judgment is affirmed (*see People v Pellegrino,* 60 NY2d 636 [1983]). Florio, J.P., Krausman, Townes, Mastro and Fisher, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS LIZARDI, Appellant. [779 NYS2d 785]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered December 3, 2002, convicting him of burglary in the first degree, robbery in the first degree (two counts), assault in the second degree, kidnapping in the second degree (three counts), criminal possession of a weapon in the fourth degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that comments made by the prosecutor denied him his right to a fair trial is largely unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Harris,* 98 NY2d 452, 492 [2002]; *People v Dien,* 77 NY2d 885, 886 [1991]; *People v Laguer,* 235 AD2d 495 [1997]). In any event, the remarks either constituted a description of the chronology of events that the prosecution intended to prove (*see People v Armonte,* 287 AD2d 645, 646 [2001]; *People v Etoria,* 266 AD2d 559 [1999]), or were harmless error under the circumstances (*see People v Crimmins,* 36 NY2d 230 [1975]; *People v Barnes,* 289 AD2d 251 [2001]). Santucci, J.P., Schmidt, Townes and Rivera, JJ., concur.