THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNELL DAVIS, Appellant. [782 NYS2d 463]—

Appeals by the defendant from four judgments of the County Court, Westchester County (Smith, J.), all rendered March 31, 1998, convicting him of robbery in the first degree (three counts)

under Indictment No. 96-00855, robbery in the first degree under Indictment No. 96-00891, criminal possession of a weapon in the third degree (three counts) under Indictment No. 96-00915, and murder in the second degree, attempted robbery in the first degree, and assault in the first degree under Indictment No. 97-00015, after two nonjury trials, and imposing sentences. The appeal from the judgment under Indictment No. 96-00915 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgments are affirmed.

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt of criminal possession of a weapon in the third degree was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Rodriguez,* 238 AD2d 447 [1997]). In addition, the defendant's arrest for criminal possession of a weapon was based on probable cause (*see People v Cofield,* 43 NY2d 654 [1977]; *People v Rogers,* 245 AD2d 395 [1997]; *People v McLendon,* 204 AD2d 661 [1994]; *People v Burton,* 194 AD2d 683 [1993]). Contrary to the defendant's contention, the County Court properly declined to recuse itself from presiding at one of his nonjury trials following an incident in open court in which the defendant assaulted his attorney (*see People v Judkins,* 210 AD2d 523 [1994]). The County Court is not disqualified by virtue of witnessing what would otherwise be inadmissible information about the defendant and, as the trier of fact, is presumed capable of disregarding prejudicial evidence (*see People v Moreno,* 70 NY2d 403 [1987]; *People v Palmer,* 300 AD2d 412, 413 [2002]).

Having assaulted his first assigned counsel, necessitating the replacement of counsel, the defendant's request for an adjournment to have additional time to prepare for trial was properly denied. Notwithstanding the defendant's constitutional right to the effective assistance of counsel, the defendant was not entitled to create a delay and then seek to benefit therefrom (*see People v Arroyave,* 49 NY2d 264, 271 [1980]; *People v Grigg,* 299 AD2d 367 [2002]). The defendant's contention that the denial of the requested adjournment resulted in his receiving less than effective representation is not supported by the record (*see People v Grieco,* 262 AD2d 656 [1999]; *People v Groonell,* 256 AD2d 356, 357 [1998]; *People v McGuire,* 205 AD2d 805 [1994]).

The prosecutor's summation comments at one of the nonjury trials did not constitute prosecutorial misconduct (*see People v Moreno, supra; People v McTootle,* 276 AD2d 348 [2000]; *People v Maxam,* 161 AD2d 961 [1990]).

The sentences imposed were not excessive (*see People v Semkus,* 122 AD2d 287 [1986]; *People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Santucci, J.P., Schmidt, Townes and Rivera, JJ., concur.