■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC ANDREWS, Appellant. [783 NYS2d 854]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered February 13, 2003, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's arguments regarding alleged improper comments by the prosecution during summation are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Tonge,* 93 NY2d 838 [1999]; *People v Malave,* 7 AD3d 542 [2004], *lv denied* 3 NY3d 600 [2004]). In any event, the challenged remarks were either fair comment on the evidence, responsive to arguments made in defense counsel's summation, or harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins,* 36 NY2d 230 [1975]; *People v Watkins,* 6 AD3d 734, 735 [2004], *lv denied* 3 NY3d 650 [2004]; *People v Jones,* 294 AD2d 517 [2002]). Smith, J.P., Adams, Crane and Skelos, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH BARKER, Appellant. [783 NYS2d 835]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered February 19, 2003, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to certain remarks made by the prosecutor on summation is unpreserved for appellate review, as he failed to object to the remarks (*see* CPL 470.05 [2]). In any event, the argument is without merit. The prosecutor's remarks constituted fair comment on the trial evidence, and the court's jury instruction regarding the limited purposes for which the *Molineux* evidence (*see People v Molineux,* 168 NY 264 [1901]) could be used obviated any undue prejudice to the defendant (*see People v Brown,* 272 AD2d 338, 339 [2000]; *People v Howe,* 292 AD2d 542 [2002]; *People v Armonte,* 287 AD2d 645 [2001]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Smith, J.P., Adams, Crane and Skelos, JJ., concur.