OPINION OF THE COURT
Joseph C. Calabrese, J.
Richard Borman’s motion to dismiss the indictment is denied.
*334 Defendant, who was' incarcerated at the time his case was presented to the grand jury, contends the integrity of that proceeding was impaired and its deliberations and decision prejudiced because he was accompanied by an “armed” court officer when he testified before that body. Defendant’s attorney was also present during his testimony.
CPL 190.25 (3) provides the list of persons who, in addition to a witness, may, as the occasion requires, be present during the grand jury proceeding. Specifically, CPL 190.25 (3) (e) includes on the list:
“A public servant holding a witness in custody. When a person held in official custody is a witness before a grand jury, a public servant assigned to guard him during his grand jury appearance may accompany him in the grand jury room. Such public servant must, if he has not previously taken the constitutional oath of office, first take an oath before the grand jury that he will keep secret all matters before it within his knowledge.”
Such oath was given to both the court officer who accompanied defendant and defendant’s attorney prior to his testifying before the grand jury. At the time of presentment, defendant was dressed in civilian clothing and not handcuffed. Defense counsel did not request any charge to the grand jury regarding the presence of the court officer before that body and, accordingly, no explanation was given for his presence. In People v Calbud, Inc. (49 NY2d 389, 393 [1980]), the Court defined the role of the grand jury, to wit:
“The primary function of the Grand Jury in our system is to investigate crimes and determine whether sufficient evidence exists to accuse a citizen of a crime and subject him or her to criminal prosecution. In the ordinary case, it may be said that the Grand Jury has properly carried out this function when it has issued an indictment upon evidence that is legally sufficient to establish that the accused committed a crime (CPL 190.65, subd 1). The Grand Jury is not, of course, charged with the ultimate responsibility of determining the guilt or innocence of the accused. That duty, in our system, resides with the petit jury, which has the obligation of assessing the evidence in light of the applicable legal rules and determining whether the People have proven the guilt of the accused beyond a reasonable *335 doubt.” (Citations omitted.)
Simply, “[i]n the context of the Grand Jury procedure, legally sufficient means prima facie, not proof beyond a reasonable doubt.” (People v Mayo, 36 NY2d 1002, 1004 [1975]; People v Deegan, 69 NY2d 976, 978 [1987].)
Counterbalancing this standard is the requirement that the presentment itself may not be “so improper as to impair the integrity of the Grand Jury proceeding and . . . create the potential for prejudice.” (People v Adessa, 89 NY2d 677, 685 [1997].)
Defendant contends that the presence of an armed court officer creates an inherent prejudice to the grand jury proceeding compelling the court to find that such presence effectively turns the proceeding into a star chamber whenever an incarcerated defendant testifies. Such argument is not sustainable.
Inherent in its enacting CPL 190.25 (3) (e), permitting the presence of a court officer in the grand jury room when a witness (defendant or otherwise) is incarcerated, is the Legislature’s recognition of the realities surrounding criminal prosecutions.
An armed court officer is no different than any other armed police/peace officer. The weapon is not really noticed insofar as it is a standard part of the uniform. No implication is to be drawn from its presence.
Indeed, counsel, who acknowledges that he was fully aware of this procedure, permitted his client, defendant herein, to testify rather than exercise forbearance. A decision not to testify would be well within the province of defense tactics and the attorney’s choice (see, People v Foy, 220 AD2d 220 [1995], lv denied 87 NY2d 901 [1995]; see also, People v Wiggins, 89 NY2d 872 [1996]). That an incarcerated defendant opts to testify as his own witness, either with or against the advice of his attorney, is a choice made with a complete awareness of who will be attending that proceeding. Simply, the presence of an “armed” officer does not prejudice a defendant’s rights or run contrary to the legislative intent.
Also noted is that since counsel and his client were aware of this procedure prior to defendant’s testifying, he cannot now claim to be offended by his own freely chosen defense strategy.
The officer’s presence with a sidearm is not so improper as to impair the grand jury’s integrity (People v Adessa, supra) or affect that body’s determining whether legally sufficient, i.e., prima facie, evidence has been presented which, if accepted as *336 true, establishes every element of the offense charged and that the accused is the individual who appears to have committed the crime. (People v Deegan, 69 NY2d 976 [1987]; People v Calbud, Inc., supra.)
Defendant’s motion is, in all respects, denied.