# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1279**
**KA 11-00451**
PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

EDWARD J. GIBSON, JR., DEFENDANT-APPELLANT.

---

CHARLES T. NOCE, CONFLICT DEFENDER, ROCHESTER (KIMBERLY J. CZAPRANSKI OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (David D. Egan, J.), rendered October 29, 2009. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree (two counts), assault in the third degree and criminal contempt in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the facts by reversing that part convicting defendant of assault in the third degree under count seven of the indictment and dismissing that count, and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of two counts of sexual abuse in the first degree (Penal Law § 130.65 [1]) and one count each of assault in the third degree (§ 120.00 [1]) and criminal contempt in the first degree (§ 215.51 [b] [v]), defendant contends, inter alia, that he was deprived of a fair trial by prosecutorial misconduct during summation. Defendant failed to preserve the alleged instances of misconduct for our review, inasmuch as defense counsel did not object to certain instances (*see People v Paul*, 78 AD3d 1684, 1684-1685, *lv denied* 16 NY3d 834), made "only unspecified, general objections" to others (*People v Romero*, 7 NY3d 911, 912), and failed to take any further actions such as requesting a curative instruction or moving for a mistrial when his objections were sustained (*see People v Medina*, 53 NY2d 951, 953). We nevertheless exercise our power to review his contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Despite this Court's repeated admonitions to prosecutors not to engage in misconduct during summation, the prosecutor improperly referred to facts not in evidence when he insinuated that the victim regretted that she did not get out of defendant's vehicle (*see People v Ashwal*, 39 NY2d 105, 109-110). The prosecutor also improperly

appealed to the jury's sympathy and bolstered the victim's credibility, and did so repeatedly, by commenting on how difficult it was for her to recount her ordeal, first to the police, then before the grand jury, and finally in her trial testimony (*see People v Fisher*, 18 NY3d 964, 966).  In addition, the prosecutor improperly suggested that the jury experiment on themselves to see how quickly bite marks fade (*see People v Brown*, 196 AD2d 878, 878-879, *lv denied* 82 NY2d 891; *see also People v Legister*, 75 NY2d 832, 832-833).  Nevertheless, "[a]lthough we do not condone the prosecutor's conduct, it cannot be said here that it 'caused such substantial prejudice to the defendant that he has been denied due process of law' " (*People v Glen*, 283 AD2d 987, 987, *lv denied* 96 NY2d 918, quoting *People v Mott*, 94 AD2d 415, 419).  We admonish the prosecutor, however, "and remind him that prosecutors have 'special responsibilities . . . to safeguard the integrity of criminal proceedings and fairness in the criminal process' " (*People v Huntsman*, 96 AD3d 1387, 1388, *lv denied* 20 NY3d 1099, quoting *People v Santorelli*, 95 NY2d 412, 421).

We reject defendant's contention that the evidence is legally insufficient to support his conviction of two counts of sexual abuse in the first degree.  Contrary to defendant's contention, we conclude that the evidence, viewed in the light most favorable to the People, is legally sufficient to establish that he subjected the victim to sexual contact by forcible compulsion (*see People v Brown*, 39 AD3d 886, 888, *lv denied* 9 NY3d 873).  Viewing the evidence in light of the elements of that crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict on those counts is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant also contends that the evidence is legally insufficient to support his conviction of assault in the third degree and that the verdict is against the weight of the evidence with respect to that crime inasmuch as the People failed to prove that he caused physical injury to the victim.  Defendant failed to preserve his legal sufficiency contention for our review because his motion for a trial order of dismissal with respect to that count "was not specifically directed at the ground advanced on appeal" (*People v Vassar*, 30 AD3d 1051, 1052, *lv denied* 7 NY3d 796; *see People v Gray*, 86 NY2d 10, 19).  "However, we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence" (*People v Caston*, 60 AD3d 1147, 1148-1149; *see Danielson*, 9 NY3d at 349; *People v Heatley*, 116 AD3d 23, 27, *appeal dismissed* 25 NY3d 933), and we agree with defendant that the verdict is against the weight of the evidence with respect to that crime.  We conclude, upon our independent review of the evidence, that the People failed to prove beyond a reasonable doubt that the victim sustained a physical injury (*see generally Danielson*, 9 NY3d at 349).  The indictment alleged that defendant caused physical injury to the victim "by striking her in the face." Although the victim testified that defendant struck her in the face, and photographs of the victim showed swelling and discoloration of the left side of her face, the victim did not testify that she suffered

substantial pain from that injury or that she sought medical attention for it (*see People v Boley*, 106 AD3d 753, 753-754; *cf. People v Spratley*, 96 AD3d 1420, 1421).  We therefore modify the judgment accordingly.